IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY NEELY,

      Plaintiff,

vs.                                         No. 1:09-cv-585 MV/ACT

DARREN WHITE, in his individual and
official capacity as Bernalillo County Sheriff, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 52), filed August 25, 2010. In this case, the parties reached an agreement with regard to all issues with the exception of Counts VII and VIII of Plaintiff's Amended Complaint (Doc. 33), which pertain to whether Plaintiff is required to register as a sex offender pursuant to New Mexico's Sex Offender Registration and Notification Act ("SORNA"). The Magistrate Judge's Proposed Findings and Recommended Disposition addresses the remaining issue of whether Plaintiff is required to register as a sex offender pursuant to SORNA.

In the Proposed Findings and Recommended Disposition, the Magistrate Judge found *inter alia* that on August 12, 2005, Plaintiff was convicted in the State of Arkansas on two counts of Sexual Indecency with a Child in violation of ACA § 5-14-110 and five counts of Harassing Communications in violation of ACA § 5-71-209. The factual basis underlying the pleas was a series of phone calls Plaintiff placed from Albuquerque to Lonoke, Arkansas, in which he spoke to members of the Lonoke High School Football Team about a variety of subjects, including what the recipients of the phone calls interpreted as a proposition to engage in sex. As to the two counts of Sexual Indecency with a Child in violation of ACA § 5-14-110, the Magistrate Judge found that

registration was not required under SORNA as they were not equivalent to any of the "sex offenses" enumerated in NMSA 1978, § 29-11A-3(E). Neither party objects to this portion of the Magistrate Judge's Proposed Findings and Recommended Disposition.

As to the five counts of Harassing Communications in violation of ACA § 5-71-209, the Magistrate Judge found that Plaintiff's telephone calls to Arkansas minors soliciting sexual acts is a violation of New Mexico's statute prohibiting Child Solicitation by Electronic Communication Device, NMSA 1978, § 30-37-3.2 and that Arkansas's Harassing Communications statute is equivalent to New Mexico's Child Solicitation by Electronic Communication Device. However, the Magistrate Judge found that Child Solicitation by Electronic Communications Device is not one of the "sex offenses" enumerated in NMSA 1978, § 29-11A-3(E) and thus Plaintiff is not required to register under SORNA. Defendant State of New Mexico timely objected to this portion of the Magistrate Judge's Proposed Findings and Recommended Disposition on the basis that it applied an incorrect version of NMSA 1978, § 29-11A-3(E). (Doc. 54). Specifically, Defendant argues that two different bills were signed into law the same day, both of which amended SORNA, and that because these bills are not inconsistent, they must be reconciled to give effect to both sets of amendments. It is Defendant's position that when the legislative enactments are read together, it is clear that Child Solicitation by Electronic Communication Device is an offense for which registration is required under SORNA. Plaintiff filed a response to Defendant's objections (Doc. 55) in which he disputes the Magistrate Judge's finding that his telephone calls to Arkansas minors soliciting sexual acts is a violation of New Mexico's statute prohibiting Child Solicitation by Electronic Communication Device, noting first that at the time the calls were placed in late 2003, the crime of Child Solicitation by Electronic Communication Device did not exist and second that

there are significant differences between the New Mexico and Arkansas statutes. Plaintiff also argues that the Magistrate Judge applied the correct version of NMSA 1978, § 29-11A-3(E). Finally, Plaintiff argues that even if this Court were to harmonize the two versions of § 29-11A-3(E) and find that Child Solicitation by Electronic Communication Device is an enumerated sex offense under the statute, there is no indication that the legislature intended to apply the registration requirement to the offense retroactively, nor to out-of-state offenses that are its equivalent.

## ANALYSIS

SORNA defines a "sex offender" as a person who has certain ties to New Mexico (for example, resides, works or attends schools in New Mexico) and has been "convicted of a sex offense." NMSA 1978, § 29-11A-3(D). SORNA, in turn, defines "sex offense" as follows :

> E. "sex offense" means any of the following offenses or their equivalents in any other jurisdiction:
>
> (1) aggravated criminal sexual penetration or criminal sexual penetration in the first, second, third or fourth degree, as provided in Section 30-9-11 NMSA 1978;
>
> (2) criminal sexual contact in the fourth degree, as provided in Section 30-9-12 NMSA 1978;
>
> (3) criminal sexual contact of a minor in the second, third or fourth degree, as provided in Section 30-9-13 NMSA 1978;
>
> (4) sexual exploitation of children, as provided in Section 30-6A-3 NMSA 1978;
>
> (5) sexual exploitation of children by prostitution, as provided in Section 30-6A-4 NMSA 1978;
>
> (6) kidnapping, as provided in Section 30-4-1 NMSA 1978, when the victim is less than eighteen years of age and the offender is not a parent of the victim;
>
> (7) false imprisonment, as provided in Section 30-4-3 NMSA 1978,

>  > when the victim is less than eighteen years of age and the offender is not a parent of the victim;
>  >
>  > (8) aggravated indecent exposure, as provided in Section 30-9-14.3 NMSA 1978;
>  >
>  > (9) enticement of child, as provided in Section 30-9-1 NMSA 1978;
>  >
>  > (10) incest, as provided in Section 30-10-3 NMSA 1978, when the victim is less than eighteen years of age;
>  >
>  > (11) solicitation to commit criminal sexual contact of a minor in the second, third or fourth degree, as provided in Sections 30-9-13 and 30-28-3 NMSA 1978; or
>  >
>  > (12) attempt to commit any of the sex offenses set forth in Paragraphs (1) through (10) of this subsection, as provided in Section 30-28-1 NMSA 1978.

NMSA 1978, § 29-11A-3(E). It is the Defendant's position that one additional offense belongs on the list, namely: "child solicitation by electronic communication device, as provided in Section 30-37-3.2 NMSA 1978" and that Plaintiff committed acts equivalent to a violation of Child Solicitation by Electronics Communication Device.

The question for this Court, however, is not whether Plaintiff committed acts equivalent to an enumerated offense but whether Plaintiff was "convicted" of an enumerated offense or its equivalent. NMSA 1978, § 29-11A-3(D). As discussed above, the Magistrate Judge found that NMSA 1978, § 29-11A-3(E) does not include any offenses that can be construed as "equivalent" to ACA § 5-14-110. Neither party objected to this portion of the Magistrate Judge's Proposed Findings and Recommended Disposition or argued otherwise. As this Court is in agreement with this portion of the Magistrate Judge's Findings and Recommended Disposition, it does not address it further here but instead turns to Plaintiff's conviction for Harassing Communications pursuant to ACA § 5-71-209.

Section 5-71-209 of the Arkansas Code provides:

A person commits the offense of harassing communications if, with the purpose to harass, annoy, or alarm another person, the person:

(1) Communicates with a person, anonymously or otherwise, by telephone, telegraph, mail, or any other form of written communication, in a manner likely to harass, annoy, or cause alarm;

(2) Makes a telephone call or causes a telephone to ring repeatedly, with no purpose of legitimate communication, regardless of whether a conversation ensues; or

(3) Knowingly permits any telephone under his or her control to be used for any purpose prohibited by this section.

By contrast, NMSA 1978, § 30-37-3.2 provides:

Child solicitation by electronic communication device consists of a person knowingly and intentionally soliciting a child under sixteen years of age, by means of an electronic communication device, to engage in sexual intercourse, sexual contact or in a sexual or obscene performance, or to engage in any other sexual conduct when the perpetrator is at least four years older than the child.

The Court finds that the Arkansas offense of Harassing Communications is not the equivalent of the New Mexico offense of Child Solicitation by Electronic Communication Device. In contrast to the New Mexico offense of Child Solicitation by Electronic Communication Device, there is no requirement under the Arkansas statute that the harassing communications be directed towards a child under sixteen years of age, that they solicit sexual conduct, or that they be knowingly and intentionally made. While this Court recognizes that had Plaintiff engaged in the same conduct today in New Mexico, there is a possibility that he would be prosecuted for Child Solicitation by Electronic Communication Device, this does not change the Court's conclusion. As noted above, SORNA defines a "sex offender" as someone who has been "convicted of" one of the listed "offenses or their equivalents in any other jurisdiction." NMSA 1978, § 29-11A-3(D). The

pertinent question is not what Plaintiff could hypothetically be charged with if the conduct occurred today in New Mexico but rather whether he was convicted of an offense that is equivalent to one of those enumerated in the statute. Thus, assuming without deciding that Defendant is correct and that "child solicitation by electronic communication device, as provided in Section 30-37-3.2 NMSA 1978" or its equivalent in another jurisdiction is an offense for which registration is required, Plaintiff would still not be required to register under SORNA as the offense for which he has been convicted is not the equivalent to Child Solicitation by Electronic Communication Device, nor is it the equivalent of any of the other enumerated offenses.[1]

In light of this Court's finding that the Arkansas offense of Harassing Communications is not the equivalent of the New Mexico offense of Child Solicitation by Electronic Communications Device, it need not address Plaintiff's arguments regarding whether § 29-11A-3(E) is properly interpreted as including Child Solicitation by Electronic Communication Device as a listed sex offense and Plaintiff's arguments regarding retroactivity.

## CONCLUSION

**IT IS THEREFORE ORDERED** that judgment is granted in favor of Plaintiff on Counts VII and VIII of Plaintiff's Amended Complaint. The Court finds that Plaintiff is not required

---

[1] Defendant has not argued that the Arkansas offense of Harassing Communications is equivalent to any of the other listed offenses, nor could it. As noted above, the Arkansas offense of Harassing Communications does not require sexual penetration, physical contact, obscene pictures, a sexual act, kidnappping, confining or restraining a person, indecent exposure, enticement of a child, incest, or solicitation of criminal sexual contact, nor is it the equivalent of an attempt to commit any of the enumerated offenses. *See* NMSA 1978, §§ 30-9-11, 30-9-12, 30-9-13, 30-6A-3, 30-6A-4, 30-4-1, 30-4-3, 30-9-14.3, 30-9-1, 30-10-3, 30-9-13, 30-28-3 & 30-28-1. Rather, it merely requires that a person communicate with another by telephone (or other specified forms) with the purpose of harassing, annoying or alarming another person in a manner that is likely to achieve that purpose. ACA § 5-71-209.

to register as a sex offender under SORNA and hereby orders that his name be removed from the list of sex offenders. Defendant is enjoined from continuing to impose sex offender registration on the Plaintiff pursuant to SORNA.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Allow Limited Discovery (Doc. 53) and Plaintiff's Motion for Immediate Interim Relief (Doc. 61) are denied as moot in light of this Memorandum Opinion and Order.

_____
**MARTHA VÁZQUEZ**
**United States District Judge**